United States v. Ogiekpolor Victoria Ivory On November 13, 2021, the government conceded that 57 days had passed on the speedy trial clock and that only 13 days remained. So the question is whether the time subsequent to that was actually excludable under the speedy trial clock. 3161 H7A tells us that no delay is excludable unless the court sets forth in the record of the case, either orally or in writing, its reasons for finding that the delay is excludable. So if we go to the November 13th continuance, the court granted the government's motion for continuance three days after it was made and before Mr. Ogiekpolor even had an opportunity to object. In granting that motion, the court stated it was because the government was asking for reasonable time to seek a superseding indictment. So we'll start there. The government first alerted the district court that they would be seeking a superseding indictment on July 23rd, 2021. So we're in November and the court is excluding time so that the government has time to seek a superseding indictment. So that is not a valid reason. The second one was that if it was returned, the government would need time to prepare and produce supplemental discovery. What we don't know and what isn't clear is why would there be supplemental discovery at this point? Mr. Ogiekpolor has been arrested and in custody since August of 2020. So presumably his crimes have ended. So what else is there for the government to produce? Well, wasn't Mr. Ogiekpolor's motion to dismiss pending until November 9th, 2021? Yes. So only 30 days are excludable once the court has everything it needs to rule on the motion. So it doesn't matter how long it was actually pending. Well, but the government had said that they would seek a superseding indictment once the court resolved that initial motion to dismiss. You're correct, Chief Judge Pryor. That is what they said. But that is not actually what happened. And so I would say that argument all along was a red herring. Because the government actually sought the superseding indictment on February 15th, 2022. And those motions were not actually resolved. But what they were saying was they're not going to do it before then. But they did, Your Honor. Factually, in the record, they did. I thought that the district court resolved the motion to dismiss in November of 2021. There was another motion to dismiss, so they kept holding. But in July, when they make that representation, which one is it that they're referring to? There's a motion to dismiss pending then that gets resolved in November, right? So there is a motion to dismiss pending from April 19th, 2021, which was a counseled motion. In July, that's the one that's pending, right? I don't know. Maybe. Because there's another one filed on December 15th, 2021. But that's after the resolution of the first motion. Correct. So there's the resolution of the first motion. There's still no superseding indictment. There's a second motion.  But then at all times, the indictment is still sought and received, the superseding indictment, before that issue was ever actually resolved in the district court. The other thing I would say about that is that in the record, I believe the government says, we don't want to have to go back to the grand jury. Why can't the government wait for all these motions to dismiss to be resolved before seeking the superseding indictment? They can wait as long as they want to, Your Honor, but the time doesn't, the time is not excludable. So the question is, if there were only 13 days remaining. Well, the question is whether this weighs against the government or not. In the delay here, while this delay is occurring, the government is responding to the defendant's multiple motions. I don't understand why that delay in that circumstance really weighs against the government. So, Your Honor, there is no weighing in a statutory speedy trial. Okay. If the seven days have passed, the indictment is dismissed, period. Whether it's dismissed with or without prejudice is a question that's not before this court, because it wasn't litigated in the court below. If Your Honor would like me to move on to the constitutional speedy trial. No, no, no, no. Your better argument is probably the statutory one, which is why you started with it, and you're right to point it out. Thank you. Thank you. So if there is only 13 days remaining on the clock out of November, the question is, are these two motions to continue, the two that follow that concession? So there's one on November 13th by the government. There's one on January 11th by the government. Were those motions to continue granted such that that time is excluded? So the statute tells us that the basis and the reason have to be put on the record. So I started with November, but I'm going to move on because I don't have that much time left to January. So on January 26th, 2022, the government, the court grants the court's January 11th, 2022 motion. There is a hearing that is held, so we can look to the record or to the actual order to see if there are reasons. And I think when the court does that, you will find that there aren't. The court starts with the proposition that it's going to give the government four months, whether it adheres to their reasoning or not, and then says, but I can't do it when you want it, so I need to push it out another month. So when you look at the actual face of the order, the face of the order, which was drafted by the government, which we know because it appears on the face of the order, has no reasons. But it says for the reasons set forth in the government's motion, right? Right, so we're going to go back to the motion. Because you still, I don't think the court can defer. It has reasons. It's the reasons that are stated in the government's motion. But the question then is, are those reasons a basis to justify this excludable time, right? Because it's not just, are there reasons? That's a different question from there being no reasons. So I don't believe that once you get to the hearing, the government's motion sets forth valid reasons. But then if you get to the court, there is no discussion about it at all. And I would say that one of the things that they talk about, that Mr. Ogie K. Pollard talks about, is the fact that the government is still talking about the superseding indictment, and that it hasn't happened, and he's ready to go to trial. And then the court says, well, how long does the government need? And the only outstanding item on the government's list from that oral hearing is for Mr. Ogie K. Pollard to review sovereign data. That's it. So whatever the government said in their motion, there was actually an oral hearing where there was questioning about what was actually left to do. And so I don't think you can just go back to their motion, Your Honor, and say, well, what did that say, given that there was subsequent oral discussion with the court, where all that was left was for Mr. Ogie K. Pollard to review celebrate data, and no discussion about why that was going to take five months to occur. Let me ask this question. You agree that, and I just want to make sure I'm clear, you agree that we're reviewing these ends of justice continuances for abuse of discretion, right? I think, yes, yes. Statutory language. Right. Yeah, I mean, well, the statutory language, I think, and maybe I'm wrong, but I mean, I think the question is did the, I mean, if the district court abused its discretion in granting these continuances, then the time has run and the indictment should have been dismissed. Yes. But if the district court didn't abuse its discretion, then, you know, all this time is excludable and the indictment's fine. Am I right just that that's the issue? I believe that as a standard review. I didn't actually walk up here with my briefs, though, while the government was reviewing them. Yeah, well, I guess I'm just saying what you have, the way I understand the record here, just correct me if I'm wrong, but I mean, the way I understand the record here is that there are these motions to dismiss that are pending. There are complex motions to dismiss. The government says, look, we're going to reindict this guy. If you deny these motions to dismiss, we're obviously not going to go through the process of indicting him again if that indictment would just be dismissed. And then after those decisions come down, the government says we're going to need time to do that, and we're going to need time to prepare for trial. Why is it an abuse of discretion for the district court to have said okay to that? Because I do not believe that the court properly excluded the time, right? Even under abuse of discretion, the court has to follow the law as written, Your Honor. So there's a statute, there's statutes that guide what the district court can and cannot do in terms of time being excluded under the Speedy Trial Act. And that's why I'm confused. So if the district court didn't abuse its discretion in granting the motions to continuance, then the time should have been excluded. The exclusion was correct, right? I believe that if I'm following, Your Honor, if that is the standard of review, which like I said, I didn't bring my briefs up. I'll look when I go see it. Yeah, it is. But I mean, so. I believe if the court finds that the judge didn't abuse his discretion, then it adds to that issue. Okay. So what do you have to attack that exercise of discretion? Why was that an abuse of discretion? Because the court, if the court fails to follow the law, then the court has abused discretion. Okay. In what way did the district court fail to follow the law? They failed to follow the statute and put the reasons on the record as required for time to be excluded. Okay. Okay. Okay. Thank you. Thank you, Your Honor. I think we have it. Let's hear from Mr. Cicilla. Good morning, Your Honors. May it please the Court. I'm going to limit myself to the sole issue that was raised by my friend on the other side. It was whether or not the district court abused its discretion. Judge Brasher, you are correct. That is the standard of review. And it's simply not true as reflected in the record both with respect to the November continuance and the January continuance that the district court had abused its discretion. It referred to the appropriate statutory factors in 3161 and made the necessary findings both on the record and by reference to the governance motion at the, well, taking the November continuance first. The court, as I mentioned, referred to the appropriate statutory factors and made an issue to written order where it made the appropriate ends of justice finding. But even if the court thought there was some issue with that, the filing of motions by Mr. O'Keeffe-Kellore that same day would have stopped the clock anyway and the speedy trial clock would have been stopped until February 17th when the district court resolved his motion. So there was two, there was independent basis to toll the speedy trial clock from November 17th through February 17th. Turning to the second continuance, first, the governance filing motion continue would also be an independent basis to toll the speedy trial clock in January. But the court at the hearing pointed out that the circumstances had changed, that Mr. O'Keeffe-Kellore had filed a number of motions, four motions, which required a detailed response from the government. The court pointed out that it made sense, or it didn't fault the government rather, that they had acted in some way negligently or weren't moving the case forward in having to address these cases with the recognition that the case may be dismissed, albeit with prejudice, and the government would have to restart. And then second, as Chief Judge Pryor pointed out, the district court's order in fact referenced the government's motion and the government's motion set out a number of reasons to justify the continuance, which on abuse of discretion the government would submit was more than done, which included preparing for a lengthy trial. And again, this is in a situation where if you look in the case law sometimes the government says, oh, this is going to be a really long trial, and it turns out to be a two-day trial. This was nearly a two-week trial, dozens of witnesses, hundreds of exhibits, the witnesses from out of state. So it wasn't the government bluffing and just asking for time when it wasn't ready to proceed with a complex case. In addition, the government pointed out that it had contacted standby counsel, and there's cases cited in the government's brief that the availability of standby counsel is a proper consideration under 3161 in terms of making ends of justice finding because quite obviously sometimes a pro se defendant might change their mind and want to have counsel now at trial, and we can't delay further. And the government's motion stated in explicit detail the availability of both governing counsel and standby counsel, and that's why we proposed the April 26th data originally. The court wasn't explicit whether it had a conflict or not, but it said its next trial calendar was May 17th, and that's when it said it for, and as noted in the government's brief, the government then did not then further seek any further continuance to the trial. So the government would respectfully submit that the district court did not abuse its discretion in granting either continuance. And unless the court has any other questions. Your opposing counsel suggested that it was improper to basically rely upon the government's reasons from its motion because there had been a hearing. Do you have any response to that? I apologize, Your Honor. I didn't find any case law that says that the district court has somehow precluded from relying upon the reasons that are advanced in government's motion. And as the court knows from the statute itself, you know, if Mr. O'Brien Fuller had counsel and counsel wanted more time, defense counsel without the consent of Mr. O'Brien Fuller could file a motion, say I have conflicting trials or whatnot, and the court could have made the appropriate ends of justice finding. I could not locate any case law that precludes the district court from relying on reasons set forth in the government's motion. And I will tell you just in the district court practice, district court judges like when the parties provide detailed reasons to justify why there's a need for a continuance. Unless the court has any further questions, the government would ask that the district court be affirmed in all respects. Thank you, Mr. Sisloot. We'll hear from Ms. Ivory in, say, five minutes. Thank you, Your Honor. As often happens when I'm standing up here, I can't put my hand on the note that I made for myself. So, Judge Brasher, to answer your earlier question, it's in United States v. Gueron, which is at 15-4, 1343, which is a 2021 case. A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, or makes clearly erroneous factual findings. So, when I'm talking about the motion in the oral hearing, the findings that the government's motion supported the continuance, that is what I'm saying, are clearly erroneous. Because those things weren't actually true. There are times when the court's orders say, Mr. Ogi K. Polar is going to want more time. Well, Mr. Ogi K. Polar, at every single opportunity he had, and even when technically he probably didn't have opportunities, was raising the fact that he just wanted to go to trial. He didn't want any of these continuances. He was objecting to all the continuances. And as a pro se litigant, he was doing his absolute best to say, please just take me to trial. So, unless the court has any other questions, since we've only argued this one issue, I have nothing else. I don't hear any. Thank you, Ms. Aubrey. I note that you, too, accepted a CJA appointment, and we appreciate you doing so and discharging your duty ably this morning. Thank you.